UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAM ODEH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-CV-549-B |
| | § | |
| A. JOE FISH, et. al, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Osama "Sam" Odeh purports to bring a civil rights action against four federal judges, a United States marshal, a court clerk, and two federal attorneys ("Defendants"). Odeh claims that Defendants have engaged in a pattern of racketeering activity and variously conspired to commit mail fraud, falsify federal records, and threaten and intimidate him. Given the fanciful nature of Plaintiff's claims, the Court has asked Odeh to support his position with plausible allegations that support these claims. Odeh has failed to do so, instead engaging in personal attacks that are substantively unrelated to his claims. Consequently, the Court has concluded that these claims are baseless and brought in bad faith. The Court finds that Plaintiff's suit should be and hereby is **DISMISSED with prejudice**.

### I.

### BACKGROUND

Odeh's claims arise from alleged actions committed by Defendants related to at least two previous suits that Plaintiff has filed. First, in 2004, Odeh filed a pro se motion under 28 U.S.C. § 1651 to vacate a prior felony conviction. Compl. 1-2, *Odeh v. United States of America*, No. 4:04-CV-436 (N.D. Tex. June 9, 2004) (doc. 1). In filing this motion, the clerk's office committed a clerical

error and filed this petition as a separate civil action, rather than with the criminal case that Odeh sought to vacate. Upon noticing the error, Judge Means directed that the petition be docketed in the criminal case, where it was subsequently denied on the merits. *United States v. Sport Cars Center Inc., et al.*, 4:97-CR-0105-Y-6 (N.D. Tex. May 3, 2005) (doc. 207). Odeh then appealed to the Fifth Circuit Court of Appeals, which dismissed the suit as frivolous and also imposed monetary sanctions. *United States v. Odeh*, No. 05-10764, 198 Fed.Appx. 346 (5th Cir. June 15, 2006). In doing so, the Fifth Circuit noted that Odeh's filings and claims amounted to "contumacious conduct." *Id.* at 347.

Undeterred by this clear message, Odeh has continued to file lawsuits arising from this clerical error and subsequent dismissals. Odeh's claims have become increasingly fanciful and have named a growing number of defendants, including judges, clerks, and attorneys. In 2007, Odeh filed suit, naming the clerk for the Northern District as well other federal court employees, and alleged that his procedural due process rights had been filed. *Odeh v. Mitchell, et al.*, No. 4:07-CV-411, 2008 WL 4387082 (N.D. Tex. Sept. 25, 2008). The district court dismissed the action as frivolous and again imposed sanctions on Odeh. *Id.* at *7-*8.

Odeh's current suit alleges that, based on prior conduct committed by the Defendants regarding these lawsuits, several of his due process rights have been violated. The alleged rights include the following: first, a due process interest in the Federal Rules of Civil Procedure, and in the First Amendment, that requires that all orders in any civil case be entered into a single public docket; second, a right to sue federal employees in any capacity Plaintiff so chooses; third, a claim to be protected from intimidation; and fourth, a property right in his previously dismissed suit. Compl. 2. To vindicate these rights, Odeh has again filed suit against the district court clerk, several district judges, and attorneys in the United States Department of Justice. In Odeh's view, the

Defendants are responsible for committing myriad acts of fraud that have deprived him of his civil rights.

## II.

## LEGAL STANDARDS

In evaluating a plaintiff's claims, district courts have the inherent authority to dismiss a pro se litigant's frivolous or malicious complaint *sua sponte* even when the plaintiff has paid the required filing fee. *Conner v. Greef*, 99 Fed.Appx. 577, 579-80 (6th Cir. 2004); *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995); *Holman v. Wooten*, No. 4:09-1634-CWH, 2010 WL 691263, at *2 (D.S.C. Feb. 24, 2010); *Larrimore v. Bank of New York Mellon*, No. 4:09-1647-TLW-TER, 2009 WL 4920776, at *2 (S.D.N.Y. Dec. 11, 2009); *McCracken v. Natale*, No. 04 Civ. 5456, 2008 WL 5274317 (E.D.N.Y. Dec. 17, 2008). The Supreme Court has also stated, in dicta, that federal courts have the inherent authority to dismiss such lawsuits. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) ("Statutory provisions may simply codify existing rights or powers. [28 U.S.C. §] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In determining whether a plaintiff's complaint is frivolous, district courts must determine whether the facts alleged are "clearly baseless," meaning that the allegations are "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating the standard for determining frivolity under Section 1915(d)). Allegations may be fanciful, fantastic, and delusional where they rise to the level of the irrational or the wholly incredible." *Id.* Furthermore,

the Court has broad discretion in determining whether a claim is factually frivolous. *See id*.

## III.

## ANALYSIS

The accusations leveled against Defendants in this case are factually baseless. They boil down to a singular premise: judges, clerks, and attorneys have colluded to eliminate his lawsuit. Almost every action listed in the complaint includes sinister modifiers: one judge "secretly convert[ed][the suit] into a hybrid official and personal capacity suit"; another defendant "duplicitously provided reference to legal authority"; and the Defendants "fraudulently induce[d]" the public to believe the docket was the official record of the case". Compl. 3-5. These claims reflect an antipathy to the Defendants, but are not borne out by anything other fanciful, fantastical, and delusional remarks: They are frivolous and malicious.

Given the nature of these accusations, as well as the fact that Odeh is proceeding pro se, the Court has liberally construed his complaint and requested that Odeh specify plausible factual allegations that support his claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In an Order requesting additional briefing, the Court made clear that Odeh should "avoid relying on frivolous or malicious allegations" (doc. 73). In response, Odeh's brief criticized the Court for being inattentive to "docket fraud destroying the rule of law in North Texas." Pl.'s Additional Br. 2. Odeh did explain, however, that his claims are novel and could not have been brought in prior litigation. Id. at 4. While it is true that several of Odeh's allegations arise from his most recent lawsuit, and thus are not barred by res judicata, his idée fixe remains the same; his claims are merely duplicate allegations that some group of defendants has conspired to dismiss his lawsuit and preclude it from review. These claims are irrational, unsupported by fact, and precisely the sort of fanciful and

delusional claims that merit dismissal.

## IV.

## CONCLUSION

The Court finds that, given Odeh's frivolous and malicious claims, coupled with his history of litigation and repeated sanctions, dismissal of all of Plaintiff's claims is appropriate. Odeh has been given ample opportunity to explain and clarify his claims, and under these facts, any further attempts would be futile. Relying on its inherent power to dismiss frivolous lawsuits brought in bad faith, the Court therefore **ORDERS** that Plaintiff's claims are **DISMISSED with prejudice**.

SO ORDERED.

DATED September 22, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE